UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TOYE TUTIS,<br>    a/k/a "Ahmad,"<br>    a/k/a "Mahd,"<br>    a/k/a "Santana,"<br>KAREEM TAYLOR,<br>    a/k/a "K-Love,"<br>    a/k/a "Love,"<br>IVAN CUELLAR NARANJO,<br>    a/k/a "Fatboy,"<br>    a/k/a "Cirilo Ruiz,"<br>FRANCISCO ALBERTO RASCON-MURACAMI,<br>    a/k/a "Francisco Alberto<br>    Rascon-Murakami,"<br>PHILLIP HORTON,<br>    a/k/a "Phil,"<br>    a/k/a "Doc,"<br>TOZINE TILLER,<br>    a/k/a "To,"<br>TALIB TILLER,<br>KABAKA ATIBA,<br>RONALD DOUGLAS BYRD,<br>    a/k/a "Doug Byrd,"<br>JOHN WELLMAN,<br>    a/k/a "Yah-Yah,"<br>    a/k/a "Yah," and<br>JAZMIN VEGA | Honorable Jerome B. Simandle<br><br>Criminal No. 14-699 (JBS) |

**COMPLEX CASE AND SPEEDY TRIAL ORDER**

This matter having been opened to the Court on the Motion of the United States of America, Paul J. Fishman, United States Attorney for the District of New Jersey (Diana Vondra Carrig, Assistant United States Attorney, appearing), for an Order designating this case as

1

complex under the Speedy Trial Act of 1974 (the "Speedy Trial Act"), Title 18, United States Code, Sections 3161(h)(7)(A) and (B)(ii), and for the exclusion of time under the Speedy Trial Act; the below listed defendants, through counsel, having consented to the Government's Motion; and the defendants being aware that absent the exclusion of time they would have the right to be tried within 70 days of their first appearance in this District in connection with this matter or the filing of the Indictment, whichever date last occurs, pursuant to Title 18, United States Code, Section 3161(c)(1); and the Indictment following a lengthy investigation and the Government's anticipated disclosure of voluminous discovery; and the defendants needing sufficient time to review the discovery (which includes the fruits of a multi-month wiretap investigation), and to investigate the charges and file motions in this case; and the Court having found that an Order granting a continuance of the proceedings in the above-captioned matter should be entered, with exclusion of time until trial, and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. This case involves allegations of drug trafficking and money laundering that occurred over a period of years by numerous co-conspirators, including but not limited to the 11 defendants charged in the Indictment.

2. The discovery in the case is voluminous, in that it includes the fruits of approximately ten months of wiretap investigation with thousands of intercepted pertinent calls and thousands of pertinent intercepted text messages, the execution of numerous federal search warrants, extensive use of physical surveillance resulting in a large volume of surveillance photographs and videos, and the seizure of physical evidence, including narcotics, firearms, and other evidence.

3. Given the nature of the investigation, time is needed to, among other things, prepare transcripts of intercepted conversations and other evidence for trial.

4. The defendants and their counsel need time to review all of the discovery in this matter which is anticipated to be sent out shortly. In addition, the defendants also need sufficient time to investigate the charges and any potential defenses to the charges, including whether or not to file motions in this matter and what motions should be filed.

5. In light of these findings, and the nature of the case, including its complexity, the number of defendants, and the volume of anticipated discovery, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act.

6. Granting a continuance will enable counsel for each defendant to adequately review the discovery, prepare motions, and proceed with trial.

7. Under Title 18, United States Code, Sections 3161(h)(6), each of the 11 indicted defendants are joined for trial with their co-defendants, for whom the time for trial has not run and a motion for severance has not been granted.

8. This matter is complex within the meaning of Title 18, United States Code, Sections 3161(h)(7)(A) and (B)(ii), and warrants the exclusion of time through March 31, 2015.

9. Under Title 18, United States Code, Sections 3161(h)(7)(A) and (B)(ii), the ends of justice served by granting the continuance outweigh the best interests of the public and the defendants in a speedy trial.

WHEREFORE, it is on this \_\_\_\_23rd\_\_\_\_ day of December, 2014,

ORDERED AND ADJUDGED that this matter is hereby designated a complex case; and

IT IS FURTHER ORDERED the period between the date of the filing of the Government's

3

Motion for Complex Case Designation and Exclusion of Time (December 23, 2014) through March 31, 2015, shall be excluded in computing time under the Speedy Trial Act under the provisions of Title 18, United States Code, Section 3161(h)(7)(A).

_____
HONORABLE JEROME B. SIMANDLE
Chief United States District Judge

Form and entry consented to:

PAUL J. FISHMAN
United States Attorney

_____
DIANA VONDRA CARRIG
Assistant United States Attorney

_____
DENNIS COGAN, ESQUIRE

_____
LORI KOCH, ESQUIRE

_____
GILBERT SCUTTI, ESQUIRE

_____
JOHN F. RENNER, ESQUIRE

_____
MICHAEL REILLY, ESQUIRE

_____
DAVID S. RUDENSTEIN, ESQUIRE

_____
RICHARD SPARACO, ESQUIRE

_____
TROY A. ARCHIE, ESQUIRE

4

Motion for Complex Case Designation and Exclusion of Time (December 23, 2014) through March 31, 2015, shall be excluded in computing time under the Speedy Trial Act under the provisions of Title 18, United States Code, Section 3161(h)(7)(A).

_____
HONORABLE JEROME B. SIMANDLE
Chief United States District Judge

Form and entry consented to:

PAUL J. FISHMAN
United States Attorney

_____
DIANA VONDRA CARRIG
Assistant United States Attorney

| | |
|---|---|
| _____<br>DENNIS COGAN, ESQUIRE | _____<br>MICHAEL REILLY, ESQUIRE |
| _____<br>LORI KOCH, ESQUIRE | _____<br>DAVID S. RUDENSTEIN,<br>ESQUIRE |
| _____<br>GILBERT SCUTTI, ESQUIRE | _____<br>RICHARD SPARACO, ESQUIRE |
| _____<br>JOHN F. RENNER, ESQUIRE | _____<br>TROY A. ARCHIE, ESQUIRE |

4