UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TOYE TUTIS,<br>   a/k/a "Ahmad,"<br>   a/k/a "Mahd,"<br>   a/k/a "Santana,"<br>KAREEM TAYLOR,<br>   a/k/a "K-Love,"<br>   a/k/a "Love,"<br>IVAN CUELLAR NARANJO,<br>   a/k/a "Fatboy,"<br>   a/k/a "Cirilo Ruiz,"<br>FRANCISCO ALBERTO RASCON-<br>MURACAMI,<br>   a/k/a "Francisco Alberto<br>   Rascon-Murakami,"<br>PHILLIP HORTON,<br>   a/k/a "Phil,"<br>   a/k/a "Doc,"<br>TOZINE TILLER,<br>   a/k/a "To,"<br>TALIB TILLER,<br>KABAKA ATIBA,<br>RONALD DOUGLAS BYRD,<br>   a/k/a "Doug Byrd,"<br>JOHN WELLMAN,<br>   a/k/a "Yah-Yah,"<br>   a/k/a "Yah," and<br>JAZMIN VEGA | Hon. Jerome B. Simandle<br><br>Crim. No. 14-699 (JBS) |

## STIPULATED PROTECTIVE ORDER

     This matter having come before the Court on the application of the United States and defendants in the above-captioned matter by and through the undersigned counsel, for a protective order, the Court is respectfully requested to issue an Order in the form set forth below. The parties further state as follows:

     1.   The defendants are charged in a two-count indictment charging: the first ten above-listed defendants in Count 1 with conspiracy to distribute and to possess with intent to distribute five or more kilograms of cocaine, one or more kilogram of heroin, and 280 or more grams of cocaine base, that is, crack cocaine, in violation of Title 21, United States Code, Section 846, and contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); and defendants

Toye Tutis and Jazmin Vega in Count 2 with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).

      2.   The parties seek that the Court issue an Order protecting from disclosure to the public any documents, the information contained therein, and other information provided by the Government to the defendants and their attorneys of record, during the course of this criminal litigation, including any documents or other information provided in compliance with the Government's disclosure obligations pursuant to Federal Rule of Criminal Procedure 16, Title 18, United States Code, Section 3500, Brady v. Maryland, United States v. Giglio, and the Court's Standing Order for Discovery and Inspection, which contain personal identifying information of victims, witnesses and uncharged co-conspirators, including but not limited to names, Social Security numbers, dates of birth, phone numbers, email addresses, physical addresses, telephone numbers, and drivers' licenses, as well as sensitive, non-public information gathered during the course of the investigation which relates to information and facts of both charged and uncharged conduct by the defendants and others (hereinafter, "Protected Information").

      3.   Any Protected Information filed in Court is to be filed under seal.

      4.   The parties are permitted to seek an order protecting from public disclosure the name of or any other information concerning a victim or witness in the course of the proceedings.

      5.   There is a significant possibility that disclosure of the Protected Information would be detrimental to victims or witnesses.

      6.   Access to Protected Information will be restricted to personnel authorized by the Court, namely, defendants and their attorneys of record, and those attorneys' associated counsel, paralegals, investigators, experts (retained pursuant to a written retainer agreement, by a defendant and/or his/her counsel in connection with the criminal case), secretaries employed by the attorneys of record and performing services on behalf of a defendant, prospective witnesses (to the extent deemed necessary by defense counsel, for trial preparation) and such other persons as hereafter may be authorized by the Government or the Court upon motion by a defendant. Protected Information may not be given to or remain in the custody of prospective witnesses.

      7.   The following restrictions will be placed on the above-designated individuals unless further ordered by the Court. The above-designated individuals shall not:

          a.   Duplicate Protected Information for, or allow copies of any kind to be made by, any other person, or allow the Protected Information to be otherwise disseminated;

          b.   Allow defendants to retain copies of Protected Information (unless redacted of the personal information);

          c.   Allow any other person to read, view or possess Protected Information; or

          d.   Use Protected Information for any other purpose other than preparing to defend against the charges in this case.

8. Defendants' attorneys shall inform any person to whom disclosure may be made, or has been made, pursuant to this Order, of the existence and terms of this Court's Order. Defendants' attorney shall provide each such person a copy of this Order. The designated persons shall be subject to the terms of this Order. Defendants and their attorneys shall maintain a record of all such persons who have received, read or viewed Protected Information.

9. Defendants and their counsel may not disclose Protected Information to any person not identified in paragraph 6 above unless the defendant and/or his/her counsel make a written request to the Government for an exception to these restrictions, and such a request is granted. The Government shall make all reasonable efforts to accommodate such exceptions. If such exceptions are refused, the defendants and their counsel may seek relief from the Court.

10. Counsel for defendants shall store the Protected Information in a secure place and shall use reasonable care to ensure that the Protected Information is not disclosed or disseminated to any third party in violation of the below Order. In the event of any inadvertent disclosure of Protected Information, counsel for defendants shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Protected Information and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Protected Information.

11. The requested restrictions shall not restrict the use or introduction as evidence of discovery materials containing Protected Information during the trial in this matter, if the inclusion of such information is relevant to the case and the Court and the Government are given prior notice of a defendant's intent to use such information at trial.

12. This stipulation is binding on all future and successor counsel, and applies to Protected Information disclosed to the defense prior to the date of the Order below.

13. The defendants and their counsel agree that they have no ownership or proprietary interest in the materials subject to the below Order. Upon conclusion of this litigation, defendants' attorneys shall return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all materials containing Protected Information within a reasonable time, not to exceed thirty days after defendants have exhausted all appellate rights.

Dated: December 23, 2014
Camden, New Jersey

Form and entry consented to:

PAUL J. FISHMAN
United States Attorney

DIANA VONDRA CARRIG
Assistant United States Attorney

_____
DENNIS COGAN, ESQUIRE

_____
MICHAEL REILLY, ESQUIRE

| | |
|---|---|
| _/s/ Lori Koch_ | _/s/ David S. Rudenstein_ |
| LORI KOCH, ESQUIRE | DAVID S. RUDENSTEIN, ESQUIRE |
| | |
| GILBERT SCUTTI, ESQUIRE | RICHARD SPARACO, ESQUIRE |
| | |
| JOHN F. RENNER, ESQUIRE | TROY A. ARCHIE, ESQUIRE |

**ORDER**

IT IS SO ORDERED this 23rd day of December, 2014.

_/s/ Jerome B. Simandle_
HONORABLE JEROME B. SIMANDLE
CHIEF UNITED STATES DISTRICT JUDGE

Camden, New Jersey