UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Crim. No. 14-699 (RMB) |
| v. | : | |
| | : | **MEMORANDUM ORDER** |
| JAZMIN VEGA, | : | |
| Defendant | : | |

This matter comes before the Court upon Defendant Jazmin Vega's motion for reconsideration of the sentencing imposed by this Court. On November 14, 2019, this Court imposed a custodial term of 78 months to be followed by a 3 year term of supervised release. In her motion, Defendant Vega contends that this Court failed to consider certain Section 3553(a) factors. Specifically, Defendant contends that the Court failed to consider "the significant impact of the Domestic Abuse and control she suffered at the hands of lead co-defendant and husband Toye Tutis and the inability to access mental health records from counseling sessions Ms. Vega attended as directed by U.S. Pre Trial Services." For the reasons set forth herein, the Court denies the motion.

First, the Court clearly considered the negative influence and manipulation that Defendant Vega's co-defendant, Toye Tutis, her husband, had on Ms. Vega. Indeed, this was a significant

factor as to the Court's ultimate determination to sentence the Defendant at the bottom end of the advisory guidelines range. A review of the sentencing transcript reflects that this Court not only considered this factor, but was troubled by it. Secondly, with respect to the denial of records of her mental health counseling provided under the supervision of the United States Pre-Trial Services ("PTS"), this Court afforded counsel for Defendant to provide such documents to the Court. In so doing, the Court requested Defendant to demonstrate that these records differed materially from the information the Court had before it at sentencing regarding her physical, mental and emotional conditions. The Court has reviewed the PTS documents and finds that they are much of the same that had been presented to the Court, and that the Court had, indeed, considered the Defendant's physical and mental conditions. Again, as reflected in the sentencing hearing discussing her mental and physical health, the Court acknowledged Ms. Vega's depression and anxiety as well as her various physical impairments. Indeed, the Court acknowledged that it had the ability to downwardly depart based on such factors (in response to Defendant's motions), but declined to do so. The Court did acknowledge, however, that it would consider her physical and mental conditions when it conducted the requisite Section 3553(a) analysis:

I analyzed the conditions against the record before me. The pain and the physical conditions did not prevent Ms. Vega from committing the crime that she committed. In fact, she was quite active in the commission of her crimes, running a laundromat, make deposits, running a drug trafficking organization. And even the letters that I've been given to me in support for her talk about what a leader of the community she was. And so when I analyze the record, it says to me that this is not a -- these characteristics are not present to such an unusual degree or that they are so extraordinarily impaired, the physical impairments, that these impairments are not so extraordinary to take the case outside of the typical case.

And so again I recognize my discretion. Ultimately, my analysis tells me that her physical, mental and emotional conditions do not rise to the level to warrant a departure under 5H1.3 and 5H1.4. They certainly are relevant arguments, they figure into whether or not the Court should grant a variance, I think they become appropriate under my 3553(a) analysis that Mr. Archie has pointed out to me.

And so let me turn to 5K2.3, which provides that if the defendant committed the offense because of a serous coercion, blackmail or duress under circumstances not amounting to a complete defense, the Court may departure downward. And then whether or not the Court departs downward the guidelines go on and talk about the extent of the decrease.

Again, I find that again looking at the record it does not tell me, I'm not compelled, nor am I prepared to make a finding that Ms. Vega committed the offense, which spanned years, because of a serous (sic) coercion, blackmail or duress, because that's how I understand the argument, though it's not articulated as a 5K2.12. I don't find that that comes into play here, I don't find that that's met. And to the extent that it's 5K2.3, which is the articulated basis, that provides that a downward departure may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity and the significantly reduced mental capacity contributed substantially to the commission of the offense. Again, I don't find that the record supports a departure on that grounds, much like the duress that Mr. Archie has

3

>     called psychological warfare, the sort of the
>     emotional abuse and emotional duress, which he has
>     phrased it as diminished capacity, I just don't see
>     it. The record tells me that she was far too active,
>     far too involved over a sustained period of time.
>     Again, a leader of the community.  And again, I think
>     that these are all factors that this Court can
>     consider when it analyzes the 3553 factors.

11/14/19 Sentencing Tr., at 27-29.

Thus, it is clear to this Court that it considered all the information that the Defendant has now provided post-sentencing. As the Court noted at the sentencing, "[t]here is no doubt that . . . she has suffered pain throughout the course of the years, and that her health does appear to from the records and what the defendant has presented suggest that her health is certainly not -- and she's not certainly in great health as she is deteriorating and that she suffers from pain.  I don't think that there can be any dispute about that and I don't get the sense that the Government is disputing it . . . ." Id., at 26. Again, in denying a motion for a downward departure, this Court specifically stated that Defendant Vega's physical and mental condition would be appropriate under Section 3553(a) analysis.

In the end, to the extent this motion is timely and properly made (an issue this Court need not decide), the motion is denied because clearly this Court considered in its Section 3553(a) analysis Defendant Vega's physical and mental health as well as her co-defendant/husband's influence and manipulation. The motion, therefore, is denied.

4

s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge

Dated: March 4, 2020